# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DAVID BLACKMON,<br><br>                            Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                            Defendant. | Case No: 17-cv-01669-BAS (RNB)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 12); AND**<br><br>**(2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13)** |

On August 8, 2017, Plaintiff Brian David Blackmon filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI"). (ECF No. 1.) Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the reasons set forth herein, Plaintiff's motion for summary judgment is **DENIED** and the Commissioner's cross-motion for summary judgment is **GRANTED**.

1

## PROCEDURAL BACKGROUND

On March 7, 2014, Plaintiff protectively filed an application for SSI under Title XVI of the Social Security Act, alleging disability beginning June 1, 2013. (Certified Administrative Record ("AR") 150-55.)[1] After his application was denied initially and upon reconsideration (AR 91-94, 98-103), Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 104-06.) An administrative hearing was held on May 3, 3016. Plaintiff appeared at the hearing with counsel, and testimony was taken from him and a vocational expert ("VE"). (AR 28-61.)

As reflected in his May 25, 2016 hearing decision, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, since the date his application was filed. (AR 13-23.) The ALJ's decision became the final decision of the Commissioner on June 16, 2017, when the Appeals Council denied Plaintiff's request for review. (AR 3-5.) This timely civil action followed.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 7, 2014, his alleged onset date. (AR 15.)

At step two, the ALJ found that Plaintiff had the following severe impairment: hearing impairment. (AR 15.) The ALJ also found that Plaintiff's medically determinable mental impairments of affective disorder and substance abuse disorder, considered singly and in combination, did not cause more than minimal limitation in his ability to perform basic mental work activities and were therefore "nonsevere." (AR 15.)

---

[1] At the administrative hearing, Plaintiff amended the alleged onset date of disability from June 1, 2013, to March 7, 2014, the date his application was filed. (AR 32, 146.)

2

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (AR 16.)

Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following nonexertional limitations: avoiding all exposure to hazards such as moving machinery and unprotected heights; avoiding work situations requiring acute, precise, or detailed hearing; limited to moderate noise environments; limited to no interaction with the general public; and "limited to occasional non-personal, non-social work-related interaction with coworkers and supervisors involving no more than a brief exchange of information or hand-off of product." (AR 16.)

At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work as a bakery worker. (AR 21-22.)

The ALJ then proceeded to step five of the sequential evaluation process. As of the alleged onset date, the ALJ classified Plaintiff as a younger individual with a high school education for whom transferability of skills was immaterial. (AR 22.) Based on the VE's testimony that a hypothetical person with Plaintiff's vocational profile could perform the requirements of occupations that existed in significant numbers in the national economy (*i.e.*, textile assembler, lens inserter, and final assembler), the ALJ found that Plaintiff was not disabled. (AR 22-23.)

## PLAINTIFF'S CLAIM OF ERROR

Plaintiff's claim of error is based on footnote 4 of the ALJ's decision, which reads as follows:

> The claimant's representative suggested the possibility of a second (i.e., post-hearing) psychological consultative examination. The undersigned has, however, determined that a second such examination is not necessary for a full adjudication of this matter. Among other things, the psychological record currently of record does not indicate the presence of a severe mental

3

> impairment, and a one-time snap shot at a discrete point in time that a post-hearing assessment might provide would, in the context of the record, be insufficient to establish any ongoing functional limitations longitudinally over any 12-month basis. Furthermore, the claimant was quite articulate at the hearing, [and] did not appear to have any difficulty interacting with either the undersigned or counsel. Finally, even if a post-hearing examination were to suggest the possibility of some level of mental impairment, the impartial vocational expert's testimony establishes that even if the claimant had a moderate level of limitations (i.e., were limited to simple, routine, repetitive tasks, to no interaction with the public and to no more than occasional, superficial interaction with co-workers and supervisors), substantial jobs in the national economy would still exist.

(AR 21 n.4.)

As best the Court can glean from Plaintiff's contentions, Plaintiff is claiming that, based on the last sentence of footnote 4, the Court should find that the ALJ erred in relying on the VE's administrative hearing testimony at step five of the Commissioner's sequential evaluation process. According to Plaintiff, the last sentence of footnote 4 indicates that the ALJ deemed Plaintiff's limitation to "occasional non-personal, non-social, work-related interaction with coworkers and supervisors involving no more than a brief exchange of information or hand-off of product" as the functional equivalent of a limitation to "no more than occasional, superficial interaction with co-workers and supervisors." Citing Social Security Ruling ("SSR") 85-15, Plaintiff contends that this limitation meant that Plaintiff was incapable of accepting instructions and responding appropriately to criticism from supervisors and therefore warranted either a finding of disability or an explanation by the ALJ why the limitation to a "brief exchange of information or hand-off of product" did not necessarily exclude responding appropriately to criticism from supervisors. (*See* ECF No. 12-1 at 5-7.)

### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and

4

17cv1669

whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

Preliminarily, the Court will address the Commissioner's contention that Plaintiff waived this claim of error by not raising it at the administrative hearing. (*See* ECF No. 13-1 at 3-4.) The Court disagrees. Plaintiff was alleging that he suffered from mental impairments. The ALJ found that Plaintiff did suffer from medically determinable mental impairments. At step two of the Commissioner's sequential evaluation process, it was incumbent on the ALJ to determine whether Plaintiff's medically determinable impairments qualified as "severe."

According to the Commissioner's regulations, an impairment is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 416.920(c), 416.922(a). Basic work activities are "abilities and aptitudes necessary to do most jobs," including mental activities such as "understanding, carrying out, and remembering simple instructions; use of judgment; **responding appropriately to supervision, co-workers, and usual work situations**; and dealing with changes in a routine work setting." *See* 20 C.F.R. § 416.922(b) (emphasis added). Thus, Plaintiff was entitled to presume that the ALJ would consider Plaintiff's ability to respond appropriately to supervision, co-workers, and usual work situations in making his step two determination

5

with respect to Plaintiff's alleged mental impairments. And, as Plaintiff has pointed out, there is authority for the proposition that the Commissioner considers the ability to accept instructions and respond appropriately to criticism from supervisors a mental ability critical for performing unskilled work. *See* DI 25020.010 ¶ B.3.k of the Commissioner's Programs Operations Manual ("POMS").

Moreover, a finding that the failure of Plaintiff's counsel to challenge the VE's testimony during the administrative hearing resulted in a forfeiture of his step five claim could not be reconciled with well-established authority that Social Security proceedings are inquisitorial rather than adversarial in nature; that ALJs have a special duty to develop the record even when claimants are represented by counsel; and that ALJs have an affirmative duty to resolve apparent conflicts raised by a VE's testimony. *See, e.g.*, *Sims v. Apfel*, 530 U.S. 103, 111-12 (2000) (noting that Social Security proceedings are informal and nonadversarial, and holding that claimants need not raise specific issues with the Appeals Council before seeking judicial review on those issues); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (providing an ALJ has a special duty to fully and fairly develop the record even when the claimant is represented by counsel); *see also Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008) (concluding claimant's failure to object to the VE's testimony at the hearing did not forfeit step five issue because SSR 00-4p imposes an "affirmative duty" of inquiry on the ALJ); *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (same because claimants "need not preserve issues in the proceedings before the Commissioner or her delegates") (citing *Sims*, 530 U.S. 103).

Finally, the Commissioner's forfeiture argument is even less compelling here because this case involves an alleged error at step five of the Commissioner's sequential evaluation process, where the burden lies with the Commissioner rather than with Plaintiff. *See Haddock v. Apfel*, 196 F.3d 1084, 1090 (10th Cir. 1999) (noting that the Commissioner bears the burden at step five and commenting, "To allow an ALJ to elicit and rely on summary conclusions given by a VE, in the absence of contrary testimony elicited by the claimant through cross-examination, would amount to shifting the burden to produce and

develop vocational evidence back to the claimant."); *see also Hackett*, 395 F.3d at 1175 (noting that SSR 00-4p "essentially codifies *Haddock*").

However, turning to the merits of Plaintiff's claim of error, the Court finds Plaintiff's arguments unpersuasive. First, while the POMS section cited above describes the ability to accept instructions and respond appropriately to criticism as a mental ability critical for performing unskilled work, "POMS constitutes an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ." *Lockwood v. Comm'r*, 616 F.3d 1068, 1073 (9th Cir. 2010). Thus, the ALJ was not required to make a specific finding about Plaintiff's ability to accept instructions and respond appropriately to criticism from supervisors. Moreover, if Plaintiff lacked the ability to accept instructions and respond appropriately to criticism from supervisors, it would have followed that Plaintiff lacked the ability to respond appropriately to supervision, co-workers, and usual work situations, which would have warranted a finding that Plaintiff suffered from a severe mental impairment, and Plaintiff is not even challenging the ALJ's nonseverity finding with respect to Plaintiff's alleged mental impairments.

Further, in arriving at his RFC determination, the ALJ discussed at length Plaintiff's history of mental health treatment and weighed the opinions of the consultative examiner and the State agency reviewers. (*See* AR 18-21.) He afforded "great weight" to the findings of the consultative psychiatric examiner that Plaintiff had no mental limitations. (*See* AR 21.) In addition, although Plaintiff argues his limitation concerning work-related interaction means that he is incapable of accepting instructions and responding appropriately to criticism from supervisors, the VE's testimony supports the opposite conclusion. The VE testified that a hypothetical person with the ALJ's imposed limitation of "occasional non-personal, non-social, work-related interaction with coworkers and supervisors involving no more than a brief exchange of information or hand-off of product" could perform the jobs of a textile assembler, lens inserter, and final assembler.

Finally, even if, as Plaintiff is postulating, the ALJ was deeming a limitation to "occasional, superficial interaction with coworkers and supervisors" as functionally

7

equivalent to a limitation to "occasional non-personal, non-social, work-related interaction with coworkers and supervisors involving no more than a brief exchange of information or hand-off of product" in the last sentence of footnote 4, Plaintiff's reliance on SSR 85-15 in support of his claim of error is misplaced for two reasons. First, a limitation to superficial interaction with co-workers and minimal interaction with supervisors does not necessarily constitute a substantial loss of ability to respond appropriately to supervision, co-workers, and usual work situations so as to necessitate a finding of disability under SSR 85-15. *See Walsh v. Barnhart*, No. CV-15-02466-PHX-GMS, 2017 WL 1130366, at *3 (D. Ariz. Mar. 27, 2017). Here, the most natural reading of the last sentence of footnote 4, when considered in the context of the entirety of footnote 4 as well as the ALJ's whole discussion of Plaintiff's RFC, is that Plaintiff retains the ability to respond appropriately in interactions with co-workers and supervisors, so long as those interactions are, by the nature of a given job, occasional and brief. Second, as the Commissioner points out, the section of SSR 85-15 on which Plaintiff is relying in any event has no applicability here since Plaintiff's functional limitations stem from a physical impairment as opposed to solely a mental impairment. *See Sandgathe v. Chater*, 108 F.3d 978, 980–81 (9th Cir. 1997).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is **DENIED**, the Commissioner's cross-motion for summary judgment is **GRANTED,** and it is hereby **ORDERED** that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

**IT IS SO ORDERED.**

**DATED: June 5, 2018**

Hon. Cynthia Bashant
United States District Judge